(85 App. Div. 493.)

SCHIDLOWER v. McCAFFERTY et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. SALES—VALIDITY—CHANGE OF POSSESSION—EVIDENCE.

In trover against a sheriff and his indemnitors to recover for goods levied on by the sheriff, plaintiff claimed the goods under a bill of sale from the execution defendants. Personal Property Law, § 25 (Laws 1897, p. 511, c. 417), provides that every sale of goods in the possession or control of the vendor, unless accompanied by an immediate delivery, followed by actual and continued change of possession, is presumed to ·be fraudulent and void as against creditors of the vendor, etc. *Held*, that evidence by defendant's indemnitors that they were judgment creditors of plaintiff vendors was admissible on the issue of the validity of the sale to plaintiff.

2. SAME—QUESTION FOR JURY.

In trover against a sheriff and his indemnitors to recover goods levied on, in which defendants claimed that the goods which had been transferred to plaintiff by a bill of sale had remained in the possession of the vendors, who were judgment debtors of defendants, and that the alleged sale was therefore void as to them, under Personal Property Law, § 25 (Laws 1897, p. 511, c. 417), requiring sales to be followed by actual and continued change of possession, evidence considered, and *held* to require submission to the jury of the issue as to whether there had been an actual and continued change of possession.

Appeal from Trial Term, New York County.

Action by Naftali Schidlower against James A. McCafferty and others. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William A. Ferguson, for appellants.
Joseph Wilkenfeld, for respondent.

INGRAHAM, J. This action was originally commenced against the sheriff of Kings county, and the defendants, who were the sheriff's indemnitors, were substituted as defendants, whereupon a supplemental summons and complaint was served upon the defendants, which the defendants answered.

The answer denied all of the allegations of the complaint, except the fact that Creamer was and still is the sheriff of the county of Kings; and for a separate defense denied that "at the time alleged in said supplemental complaint, or at any other time, the plaintiff was lawfully or otherwise possessed of the goods and chattels mentioned in the complaint, or any or either of them, or any part thereof," or that the plaintiff was the owner and entitled to the immediate possession of the said store.

Upon the trial the plaintiff introduced in evidence a bill of sale executed by Lena Greenburg and Rachel Weisen, which, in consideration of $200, purported to grant and convey to the plaintiff the stock of goods, counters, and shelves in the premises known as 113 Osborn street, Brooklyn. The plaintiff testified that after he received this paper he moved the goods contained in the store at 113 Osborn street to 196 Eastern Parkway, Brooklyn; that he remained at Eastern Parkway, after he moved from Osborn street, a half year; and that he put one Perez Weisen in charge of the store. Weisen testified that after the plaintiff obtained a bill of sale he removed the goods from the Osborn street store to the Eastern Parkway store; that he was manager there for the plaintiff; that in that store he was selling for the plaintiff, and did everything that was necessary; that the sheriff came to the store in Eastern Parkway and levied on the goods; that, before the bill of sale was delivered, the witness' wife, Rachel Weisen, and Lena Greenburg owned the store, and that they sold it to the plaintiff; that, while he was in charge of the store for the plaintiff, he made all purchases, and did the whole business; and that the plaintiff paid the witness a salary of $9 a week, and paid the rent, $14 per month.

The plaintiff then rested, and the defendants offered evidence to show that they brought an action against Lena Greenburg and Rachel Weisen on a note given by them for goods purchased for this business. This was objected to by the plaintiff, on the ground that it was not within the issues and not the best evidence, and the court sustained that objection upon the ground that it was not pleaded. The defendants then offered in evidence the judgment roll in an action brought by the defendants Jacobs and McCafferty against Lena Greenburg and Rachel Weisen for $387.25. That was objected to by the plaintiff, and excluded by the court, as not within the issues and not pleaded, and the defendant excepted.

Other evidence was offered by the defendants which tended to show that the plaintiff was never in actual possession of the store, and that the deputy sheriff had an execution against Lena Greenburg and Rachel Weisen, which was objected to, and the objection sustained. The deputy sheriff then testified that he made a levy on the 24th of May, and saw Mrs. Weisen; that he was not told that the plaintiff was the owner; that he required a bond of indemnity, because the people he found there said that Mrs. Greenburg and Mrs. Weisen were not the owners; that when he went to the store he sometimes found Mr. Weisen, and sometimes Mrs. Weisen, in charge of the store; that he never saw the plaintiff there; that the goods in the store were in the name of Mr. Weisen or Mrs. Weisen, and

were never in the name of the plaintiff. The agent of the owner of the building was called, and testified that Weisen occupied the premises and paid the rent. The parties having rested, the court refused to submit any question to the jury, except as to the amount of damages, instructing the jury that the only question for them to determine was the amount of the plaintiff's recovery; that upon the evidence it was their duty to award the plaintiff a verdict for the market value of the property taken by the sheriff. The defendants' counsel requested the court to charge the jury that, "if the jury find that there was no immediate delivery to the plaintiff of the goods sold to him by Lena Greenburg and Rachel Weisen, and that there was no actual and continued change of possession in the plaintiff, and, further, if the jury find not sufficient evidence introduced by the plaintiff to establish the fact that the sale was made in good faith, they must find for the defendants." The court declined to so charge, and the defendants excepted.

The action was in trover, the complaint alleging that the sheriff had converted the plaintiff's property, of which the plaintiff alleged that he was the owner, and that the defendants were liable as having instigated the sheriff to convert the property, and thus jointly liable. To that there was a general denial, and the plaintiff's right to recover depended upon his proof that he was the actual owner of the property converted. There was no allegation of special interest or right to possession, but the right of the plaintiff to recover rested upon his allegation of ownership. The plaintiff, to prove his title, produced a bill of sale of the property from Greenburg and Weisen, and alleged that under this bill of sale he took possession of the property, immediately placing in charge thereof the husband of one of the vendors, who remained in actual possession, transacting the business, purchasing goods and paying therefor, and also paying the rent of the premises down to the time of the alleged conversion. To meet this allegation, the defendants sought to prove that they were creditors of the vendors, against whom they obtained a judgment, and disputed the possession of the plaintiff.

Section 25 of the personal property law (chapter 417, p. 511, Laws 1897) provides that:

"Every sale of goods and chattels in the possession or under the control of the vendor, and every assignment of goods and chattels by way of security or on any condition, but not constituting a mortgage nor intended to operate as a mortgage, unless accompanied by an immediate delivery followed by an actual and continued change of possession, is presumed to be fraudulent and void as against all persons who are creditors of the vendor or persons who are his creditors at any time while such goods or chattels remain in his possession or under his control * * *; and is conclusive evidence of such fraud, unless it appear, on the part of the person claiming, under the sale or assignment, that it was made in good faith, and without intent to defraud such creditors or purchasers."

The plaintiff's title to this property having been denied by the answer, the defendants were entitled to prove any fact which would show that the bill of sale under which the plaintiff claimed title was void. To disprove this title, it was essential for the defendants to prove that they were the creditors of the vendor, for the bill of sale

would be good except as to creditors, and it would seem to follow that it was error for the court to refuse to admit testimony that the defendants were creditors of the vendors. Evidence as to the actual possession of the property by the plaintiff was necessary to rebut the presumption of fraud as against the vendors' creditors. The testimony as to possession depended solely upon the evidence of the plaintiff, and that of the person that he alleged was his agent, who was the husband of one of the vendors; and that, with the evidence of a failure to put the name of the plaintiff upon the door or window of the store, and the fact that the business was carried on in the name of the vendor or her husband, presented a question for the jury whether or not there was such an actual and continued change of possession of the premises, without which the bill of sale was presumptively void. If this bill of sale was void, the plaintiff had no title to the property converted, and could not, therefore, recover damages for its conversion, irrespective of the right of the sheriff to make a levy upon the property. We think, therefore, that it was error to exclude testimony that the defendants were creditors of the vendors, and, that fact having been proved, the question as to whether there was a bona fide purchase of this property by the plaintiff was a question for the jury.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.